UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Anthony Patete**, <br><br> Plaintiff, <br><br> v. <br><br> **Ambaflex Manufacturing, Inc.**, <br><br> Defendant. | No. <br><br> **COMPLAINT** |

Plaintiff, Anthony Patete ("Plaintiff"), sues the Defendant, Ambaflex Manufacturing, Inc. and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendant's failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendant regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Stark County, Ohio, and is a former employee of Defendant.

8. At all material times, Defendant Ambaflex Manufacturing, Inc., is a corporation duly licensed to transact business in the State of Ohio. At all material times, Defendant Ambaflex Manufacturing, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Stark County, Ohio.

9. At all material times, Defendant does business as "Ambaflex Manufacturing."

10. At all relevant times, Defendant Ambaflex Manufacturing, Inc. was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in

the interest of an employer in relation to an employee. At all relevant times, Defendant Ambaflex Manufacturing, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. As a person who acted in the interest Ambaflex Manufacturing in relation to the company's employees, Defendant Ambaflex Manufacturing, Inc. is subject to liability under the FLSA.

11. At all material times, Defendant is Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq.*

12. At all material times, Defendant is Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq.*

13. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

14. Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

15. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

16. At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

17. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

18. Plaintiff, in his work for Defendant, regularly produced goods for interstate commerce.

## NATURE OF THE CLAIM

19. Defendant owns and/or operates as Ambaflex Manufacturing, an enterprise located in Stark County, Ohio.

20. Plaintiff was hired by Defendant as a welder and worked for Defendant from approximately October 1, 2019 through March 22, 2020.

21. Defendant, in its sole discretion, agreed to pay Plaintiff $18.00 per hour for all hours he worked.

22. During the time that Plaintiff worked for Defendant, Plaintiff worked approximately 40 hours per week for Defendant.

23. Plaintiff was not compensated any wage whatsoever for the final workweek of his employment with Defendant.

24. Despite having worked approximately 40 hours for Defendant in his final workweek, Defendant did not pay him any wage whatsoever for such time worked.

25. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated 29 U.S.C. § 206(a).

26. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated ORC § 4111.

27. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant has violated ORC § 4113.

28. Defendant has and continues to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his final workweek.

29. Defendant has and continues to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during his final workweek.

30. Defendant has and continues to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all hours worked during his final workweek.

31. Plaintiff is a covered employee within the meaning of the FLSA.

32. Plaintiff is a covered employee within the meaning of ORC § 4111.

33. Plaintiff is a covered employee within the meaning of ORC § 4113.

34. Plaintiff was a non-exempt employee.

35. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

36. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

37. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

38. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

39. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

42. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

43. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Anthony Patete, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: OHIO REVISED CODE § 4111.01
### FAILURE TO PAY MINIMUM WAGE

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

46. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

47. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Anthony Patete, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4113
### FAILURE TO PAY WAGES OWED

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

50. Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates ORC § 4113.

51. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Anthony Patete, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 17th day of September, 2020.

                              BENDAU & BENDAU PLLC

                              By: /s/ *Clifford P. Bendau, II*
                              Clifford P. Bendau, II (OH No. 0089601)
                              Christopher J. Bendau
                              BENDAU & BENDAU PLLC
                              P.O. Box 97066
                              Phoenix, Arizona 85060
                              Telephone AZ: (480) 382-5176
                              Email: cliffordbendau@bendaulaw.com
                                        chris@bendaulaw.com


                              THE LAW OFFICES OF SIMON & SIMON

                              By: /s/ *James L. Simon*
                              James L. Simon (OH No. 0089483)
                              6000 Freedom Square Dr.
                              Independence, OH 44131
                              Telephone: (216) 525-8890
                              Facsimile: (216) 642-5814
                              Email: jameslsimonlaw@yahoo.com